2011 UT App 284

**STATE of Utah, Plaintiff and Appellee,**

v.

**Barton V. McFARLAND, Defendant and Appellant.**

**No. 20101031–CA.**

Court of Appeals of Utah.

Aug. 25, 2011.

Samuel P. Newton, Ogden, for Appellant.

Mark L. Shurtleff and Ryan D. Tenney, Salt Lake City, for Appellee.

Before Judges McHUGH, THORNE, and CHRISTIANSEN.

## DECISION

PER CURIAM:

¶ 1 Barton V. McFarland appeals his sentences after pleading guilty to one count of forgery and one count of providing false personal information to a police officer. McFarland argues that the district court abused its discretion in sentencing him to prison in lieu of probation.

■ ¶ 2 We review the sentencing decision of the district court, including the decision to grant or deny probation, for abuse of discretion. *See State v. Valdovinos*, 2003 UT App 432, ¶ 14, 82 P.3d 1167. "An abuse of discretion results when the judge fails to consider all legally relevant factors, or if the sentence imposed is clearly excessive." *Id.* (internal quotation marks omitted). Furthermore, "[a]n appellate court may only find abuse if it can be said that no reasonable [person] would take the view adopted by the trial court." *Id.* (alteration in original) (internal quotation marks omitted). Finally, a "defendant is not entitled to probation, but rather the court is empowered to place the defendant on probation if it thinks that will best serve the ends of justice and is compatible with the public interest." *State v. Rhodes*, 818 P.2d 1048, 1051 (Utah Ct.App.1991).

■ ¶ 3 McFarland argues that the district court abused its discretion in sentencing him to prison in lieu of probation because the district court failed to consider all relevant mitigating factors. More particularly, he argues that the district court had predetermined McFarland's sentence prior to hearing any of McFarland's mitigating evidence. McFarland failed to preserve this claim. Accordingly, it must be evaluated under the plain error doctrine. *See State v. Holgate*, 2000 UT 74, ¶ 11, 10 P.3d 346 (stating that a claim not raised before the trial court generally may not be raised on appeal absent plain error or exceptional circumstances). In order to demonstrate plain error a defendant must establish that (i) the district court erred; (ii) the error should have been obvious to the district court; and (iii) the error was harmful. *See id.* ¶ 13. McFarland fails to demonstrate that the district court erred.

■ ¶ 4 Contrary to McFarland's assertions, the district court did consider all relevant information prior to sentencing McFarland to prison. While it is true that prior to hearing McFarland's mitigating evidence, the district court informed McFarland that based upon his extensive criminal record, it thought the matter was a prison case, such a statement was a gratuity meant to allow McFarland an opportunity to fully consider the court's offer to allow him to withdraw his guilty plea. This is of particular importance because McFarland had informed the court that he was led to believe that he was going to be sentenced to probation with time served. Once McFarland made the decision not to withdraw his plea and to go forward

with sentencing, the district court allowed McFarland and his counsel to present all evidence which they believed supported a sentence of probation instead of prison. Only after hearing such evidence did the court impose the prison sentence. Accordingly, McFarland fails to demonstrate that the district court failed to examine all relevant factors.

¶ 5 Furthermore, the record demonstrates that there was sufficient evidence to support the district court's sentencing decision. McFarland had an extensive criminal history, which included spending nearly two years in a federal prison. Further, McFarland failed to successfully complete probation on two separate occasions (once in the federal system and once in the state system). Because of his criminal history, the State recommended a prison sentence. Similarly, the presentence investigation report recommended that McFarland be sentenced to prison. Based upon the evidence presented to the district court we cannot say that the court abused its discretion in so sentencing McFarland. *See Valdovinos,* 2003 UT App 432, ¶ 14, 82 P.3d 1167.

¶ 6 Affirmed.